Andrew Williams *v.* Robert Jackson, *et al.*

(*Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

SAM R. TURNER and COURTNAY C. HAMILTON, for plaintiff in error.

LOUIS CHAMBERS and A. A. ADAMS, JR., for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff, Andrew Williams, appealed from an adverse judgment in an action of unlawful detainer. The facts were stipulated in the trial court. Upon default in payment of a note secured by a deed of trust executed by Williams, his interest in the land was sold by the substitute trustee. It was bid off at the trustee's sale by the American Trust Company.

The purchaser complied with the terms of sale, received a deed from the trustee dated August 2, 1929, and in constructive possession under its deed leased or rented the property to defendants Robert and C. G. Jackson. The Jacksons entered as tenants of the American Trust Company and were in possession when the plaintiff Williams commenced his action of unlawful detainer.

Plaintiff's claim to possession rests upon the proposition that the trustee's sale was void and passed no title to the American Trust Company and that they could not lawfully authorize the Jacksons to take possession (1) because the value of the land exceeded $500 and the trustee failed to execute a bond and make and file the

oath required by section 3523 of Shannon's Code, and (2) because Martin's appointment as substitute trustee was illegal.

Upon the last proposition it is sufficient to say the record shows that Will A. Hale, trustee appointed in the deed, was a non-resident of the State and that he failed and refused to execute the power conferred upon him by the deed of trust and that E. L. Martin was appointed his successor under a provision of the deed which reads:

"If said trustee refuses or fails to act we agree that the said bank may appoint a successor to him with the same powers as are herein conferred upon the said Hale."

The substitute trustee appointed under that provision of the deed could exercise the power and authority of the trustee named originally. 41 C. J., 379, et seq.

Upon the other proposition we are of the opinion that if required to make bond and subscribe to the oath, as insisted by appellant, the omission of the trustee to comply with such requirement would not vitiate his otherwise lawful sale under the deed of trust and that a *bona fide* purchaser from the trustee acting in conformity with the provisions of the deed would acquire a good title, but section 3523 of Shannon's Code can not be extended to a trustee appointed in a mortgage otherwise called a deed of trust. This statute does not extend to mortgages made to secure contemporaneous credits but applies as the context shows clearly to assignments for the benefit of creditors. Such was the reasoning of the court in *Kerr* v. *White,* 9 Baxt., 161.

In assignments for the benefit of creditors, the trustee is a stake-holder and the administrator of the estate of

the debtor for the benefit of the creditors and the object of the bond was to secure the creditors. A trustee under a mortgage does no more than exercise the power conferred upon him of making the sale. The mortgagor retains possession of the mortgaged estate and the mortgagee retains possession of the evidence of debt secured by the mortgage. By no sort of reasoning could the Act be extended as insisted upon by appellant. Affirmed.